NOT FOR PUBLICATION                          SEP 10 2014

|  |  |
|---|---|
| JOSE LUIS ORNELAS, | No. 11-55166 |
| Petitioner - Appellant, | D.C. No. 2:07-cr-00930-DOC-JC |
| v. |  |
| GARY SANDOR, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. |  |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 25, 2014[**]
Pasadena, California

Before: O'SCANNLAIN and RAWLINSON, Circuit Judges, and RAKOFF,
Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Petitioner Jose Luis Ornelas appeals from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We review a district court's denial of a habeas petition *de novo*, *see Doody v. Ryan*, 649 F.3d 986, 1001 (9th Cir. 2011) (en banc), and we affirm.

First, Petitioner alleges that two comments made by the jury's foreperson during deliberations constituted juror misconduct and therefore deprived him of his constitutional rights to due process, cross examination, and a fair jury trial. Because the California Supreme Court summarily denied the appeal, this Court must "look through" that summary denial to the reasoning of the California Court of Appeal. *Cannedy v. Adams*, 706 F.3d 1148, 1157–58 (9th Cir.), *amended on denial of reh'g en banc*, 733 F.3d 794 (9th Cir. 2013). On direct appeal, the California Court of Appeal concluded that neither comment constituted prejudicial misconduct. We find that the Court of Appeal's decision was not contrary to, or an unreasonable application of, clearly established law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d). Under existing Supreme Court precedent, fairminded jurists can differ on whether these comments constituted juror misconduct or were prejudicial. *See Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). Furthermore, ample evidence supports the Court of Appeal's conclusions

that the foreperson's comments about the victim's petechial injuries were consistent with the trial testimony of the nurse who examined the victim, and that the crucial dispute at trial was whether the sexual encounter was consensual, and not whether Petitioner's cocaine use enhanced his sexual ability.

Second, Petitioner asserts that his trial counsel rendered a constitutionally ineffective performance by failing to locate an impeachment witness and introduce impeaching photographs. In state habeas proceedings, the Los Angeles Superior Court rendered the highest reasoned state court decision on these issues, concluding that trial counsel was constitutionally adequate. These conclusions were also not contrary to, or an unreasonable application of, clearly established law, nor were they based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). A reasonable jurist could have concluded that these decisions reflected reasonable tactical choices falling within the "wide range of professionally competent assistance" that established Supreme Court precedent requires. *Strickland*, 466 U.S. at 690.

**AFFIRMED**.